IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MARIA GLORIA SERRATO AND** | § | |
| **GILBERTO SANCHEZ SERRATO,** | § | |
| **Individually and As Representative** | § | |
| **of the Estate of Roberto Serrato,** | § | |
| **Deceased, and On Behalf of all of** | § | **CIVIL ACTION NO. B-05-323** |
| **Those Entitled to Recover for Death** | § | |
| **of Roberto Serrato, Deceased,** | § | |
| **Under the Texas Wrongful** | § | |
| **Death Act,** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **GUADALUPE SERRATO AND RAMIRO** | § | |
| **SERRATO, Individually and As Next** | § | |
| **Friend of Brandon Serrato, Ramiro** | § | |
| **Randu Serrato, Victoria** | § | |
| **Brittany Serrato, Bridgette** | § | |
| **Annalee Serrato, Saul** | § | |
| **Esteban Serrato, and Roberto** | § | |
| **Serrato, Minor Children** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF HARLINGEN, TEXAS, and** | § | |
| **OFFICER RANDY REYNA, Individually** | § | |
| **and in his Official Capacity,** | § | |
| | § | |
| **Defendants.** | § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 1, 2006, the Court **GRANTED IN PART AND DENIED IN PART** Defendant City of Harlingen's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim.  Dkt. No. 5.

## I.      Factual Background

On March 13, 2005, Officer Randy Reyna of the Harlingen Police Department pursued Roberto Serrato and his passenger, Ramiro Serrato (the "Serratos"), in a high-speed automobile chase.[1]  Dkt. No. 3, Att. 2, at 4 (Ex. 5).  During the pursuit, Officer Reyna "used his police vehicle to run Roberto and Ramiro Serrato off the road, up an embankment and into an excavation."  *Id.*  According to Plaintiffs, Officer Reyna employed his police vehicle to "ram" the Plaintiffs' vehicle off the road.  *Id.* at 5, 10.  As a result of this incident, Roberto Serrato was hospitalized from March 13 until his death on March 22, 2005, and Ramiro Serrato sustained "serious injuries."  *Id.* at 5.

## II.     Standard for Motion to Dismiss

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."  Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247(5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).  Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See* Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); *see also* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).  A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *see also* Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986).  The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief."  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

## III.    Analysis

Plaintiffs assert claims against both Officer Reyna and the City of Harlingen ("Harlingen").  Dkt. No. 3, Ex. 5, at 5–11.  Plaintiffs allege that Defendant Reyna is liable

---

[1]No explanation of or reason for this pursuit currently appears in the record.

for their injuries based on his conduct, in that he pursued the Serratos at high speed and used his vehicle to ram them off the road. *Id.* at 4, 5, 10. Plaintiffs aver that Defendant Harlingen is liable based on (1) a theory of respondeat superior, (2) policies and customs implemented by Harlingen that led to the Plaintiffs' injuries, and (3) improper hiring, training, and supervision of the Harlingen police force. *Id.* at 5–6, 8–10.

Plaintiffs proffer three causes of action under which they argue that the Defendants are liable: (1) violations of the Texas Tort Claims Act; (2) negligence (collectively the State law claims); and (3) violations of constitutional rights made actionable pursuant to 42 U.S.C. § 1983. *Id.* at 6–11. Each of these causes of action, and the potential bases of liability for each defendant, will be discussed in turn.

**A. State Law Claims**

The Plaintiffs are attempting to sue the City of Harlingen and Officer Randy Reyna. *Id.* at 3–4. As a preliminary matter, Plaintiffs, by bringing claims against a city, are suing a subdivision of the government of Texas. *See* Holland v. City of Houston, 41 F.Supp.2d 678, 710 (S.D. Tex. 1999). Therefore, Plaintiffs must establish that the State of Texas has granted a waiver of sovereign immunity before they may recover on their claims against Harligen. *See id.*; Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).

The Texas Tort Claims Act ("TTCA") operates, in certain limited circumstances, as such a waiver. *See Holland*, 41 F.Supp.2d at 710; *Bossley*, 968 S.W.2d at 341. That Act states:

> A governmental unit in the state is liable for:
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>> (B) the employee would be personally liable to the claimant according to Texas law; and
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

-3-

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (2005).  "Cities, as political subdivisions of the State of Texas, come within the parameters of the Act."  *Holland*, 41 F.Supp.2d at 710.  Thus, before the Court may consider the Plaintiffs' state law claims, they must establish that the claim arises under one of the specified areas of liability, and "the claim must not fall within an exception to the waiver of sovereign immunity."  *Id.*

Furthermore, the TTCA also contains an immunity statute which "precludes claims against a governmental employee involving the same action, transaction, or occurrence without regard to whether the action against the employee is based on the same cause of action; the action need only involve the same subject matter as the action brought against the governmental entity."  *Id.* at 717.  Therefore, any state law claims against Officer Reyna must not involve the same action, transaction, or occurrence as the claims against Harlingen.

i. Claim for Negligence

One of the Plaintiffs' claims is under a negligence cause of action.  *See* Dkt. No. 3, Ex. 5, at 10.  In this claim, the Plaintiffs allege that Officer Reyna and Harlingen "committed acts of omission and commission [] which . . . constituted negligence."  *Id.*  Plaintiffs then state that this negligence caused injuries to the Plaintiffs, "for which Plaintiffs now bring suit under the Texas Wrongful Death Act."  *Id.* at 11.

Upon examination and consideration of the Plaintiffs' negligence claim and their TTCA claim, the Court finds that the two claims make essentially identical allegations.  *Compare id.* at 10–11, *with id.* at 8–10.  The negligence claim is based on the same events as the TTCA claim, but with less allegations of factual detail than in the TTCA claim.  Moreover, the TTCA claim includes allegations that the Defendants were negligent.  *Id.* at 10.  Finally, the Court finds no potential sources for finding a waiver of sovereign immunity for a negligence cause of action other than the TTCA.[2]  Therefore,

---

[2]The Court recognizes that sovereign immunity only applies to prevent the negligence claim against Harlingen.  *See Holland*, 41 F.Supp.2d at 715.  However, the assertions which allegedly constitute a cause of action for negligence against Officer Reyna arise from the same occurrence as the TTCA claim against Harlingen.  *See* Dkt. No. 3, Ex. 5, at 4–5, 8–11.  The fact that this claim against Officer Reyna was not

the Court finds that the negligence claim is merely redundant, does not constitute a discrete cause of action, and should not be considered as a separate and distinct claim. Instead, the Court will consider the negligence claim only as it forms a portion of the TTCA claim.

ii. Officer Reyna

Texas Civil Practice and Remedies Code section 101.106(e) states: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Plaintiffs have filed TTCA claims against both Officer Reyna and Harlingen. *See* Dkt. No. 3, Ex. 5, at 8–10. Harlingen is a governmental unit. *See Holland*, 41 F.Supp.2d at 710. Officer Reyna is an employee of Harlingen. *See* Dkt. No. 3, Ex. 5, at 4. Harlingen has moved to dismiss the claim. Dkt. No. 5. Therefore, the TTCA claims against Officer Reyna must be dismissed.

iii. City of Harlingen

Plaintiffs make a number of allegations against Harlingen pursuant to the TTCA. Dkt. No. 3, Ex. 5, at 8–10. Plaintiffs begin by making a number of assertions under which Harlingen is directly liable for their injuries. *Id.* at 8–9. First, Plaintiffs aver that Harlingen "failed to enforce the laws of the State of Texas and regulations of the City and Police Department pertinent to the proper use of deadly force." *Id.* at 8. Second, they allege that Harlingen maintained a policy which permitted and/or encouraged officers to improperly use deadly force. *Id.* Third, Plaintiffs state that Harlingen did not "sufficiently investigate the background and qualifications of . . . law enforcement personnel [or] provide proper training and supervision for . . . law enforcement personnel." *Id.* Finally, Plaintiffs argue that Harlingen "failed to properly select, screen, educate, train, supervise or otherwise direct their employees." *Id.* at 9. Plaintiffs state

---

brought pursuant to the TTCA does not matter, because it arises from the same occurrence as the TTCA claim against Harlingen. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a) (2005); *Holland*, 41 F.Supp.2d at 717. Thus, Officer Reyna is protected from this claim by derivative sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (2005); *Holland*, 41 F.Supp.2d at 716–18; *Bossley*, 68 S.W.2d at 344.

that all of these actions, or failures to act, constitute negligence on the part of Harlingen, and that this negligence caused the Plaintiffs' injuries.  *Id.* at 10.

In addition, Plaintiffs proffer a basis upon which Harlingen is indirectly liable for their injuries, through a theory of respondeat superior.  *Id.* at 9–10.  Plaintiffs allege that their injuries were caused by the negligent acts of Officer Reyna, for which Harlingen is responsible, and that their "claims arise from a personal injury and death so caused by a condition or use of tangible personal or real property by the Defendants."  *Id.* at 9.  Thus, Plaintiffs allege that Defendants have waived sovereign immunity under the TTCA and are liable for their injuries.  *Id.*

For a variety of reasons, the Court finds that all of the Plaintiffs' bases for holding Harlingen liable must fail as a matter of law.  First, under Texas law, a city may not be held liable for "the failure to provide or the method of providing police . . . protection."  Tex. Civ. Prac. & Rem. Code Ann. § 101.055(3) (2005); *Holland*, 41 F.Supp.2d at 714.  Therefore, Plaintiffs' first two bases for imposing liability — failure to enforce laws and regulations and observing improper departmental policies — are excepted from the waiver of sovereign immunity and do not form bases upon which to hold Harlingen liable for Plaintiffs' injuries.

Second, the TTCA only waives sovereign immunity of a governmental entity for an injury which "arises from the operation or use of a motor-driven vehicle or motor-driven equipment" or is "caused by a condition or use of tangible personal or real property."  Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (2005); *Holland*, 41 F.Supp.2d at 710–11; *see also Bossley*, 968 S.W.2d at 343.  In construing this requirement, courts have consistently held that allegations involving claims such as failing to properly select, screen, educate, train, supervise or otherwise direct employees are not actionable against governmental entities.  *See, e.g.*, *Holland*, 41 F.Supp.2d at 711.  Therefore, the remainder of the Plaintiffs' bases for directly imposing liability on Harlingen must fail.

Finally, Plaintiffs' sole basis for indirectly imposing liability on Harlingen through a theory of respondent superior also fails.  Plaintiffs' problem is that, although Officer

Reyna's vehicle is tangible personal property[3] and was allegedly used in a manner which resulted in injuries and death to the Serratos, "[r]egardless of the language used, it is clear that Plaintiffs' claims consist of intentional torts." *Holland*, 41 F.Supp.2d at 712 (quotations omitted).

"The TTCA does not waive immunity for intentional torts." *Id.* In fact, the TTCA explicitly exempts intentional torts, including battery, from its waiver of sovereign immunity. *Id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (2005). "Where the essence of a claim under the TTCA arises from an intentional tort, allegations of negligence are insufficient to avoid the § 101.057 exception to liability." *Holland*, 41 F.Supp.2d at 713.

Here, Plaintiffs consistently use the term negligence to describe Officer Reyna's alleged conduct. Dkt. No. 3, Ex. 5, at 9, 10. However, paragraph 26 of Plaintiffs' First Amended Original Petition states: "By *choosing* to use deadly force, in his vehicle [sic] *as a battering ram*, Defendent Officer Randy Reyna acted wantonly and with malice." *Id.* at 10  (emphasis added). As this statement makes clear, "the tort about which the plaintiffs complain is, in essence, assault and battery." *Holland*, 41 F.Supp.2d at 713; *see also* Hall v. Sonic Drive-In of Angleton, Inc., 177 S.W.3d 636, 649–50 (Tex. App. 2005). By alleging that Officer Reyna chose to ram the Serratos' vehicle, Plaintiffs are claiming that Officer Reyna intentionally, knowingly, or recklessly caused bodily injury to them. This is assault and battery, "and [Plaintiffs'] allegations of negligence are not sufficient to avoid the intentional torts exception to the TTCA." *Holland*, 41 F.Supp.2d at 713. Thus, Plaintiffs' arguments for imposing liability under a theory of respondeat superior also fails as a matter of law.

### B. Section 1983

Plaintiffs also allege that the Defendants are liable for Plaintiffs' injuries because the Defendants violated the Serratos' constitutional rights. Dkt. No. 3, Ex. 5, at 6–8.

---

[3]Officer Reyna's vehicle also clearly falls within the category of the use of a motor-driven vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A) (2005). However, because Plaintiffs' make no allegations under this prong of the statute, the Court will not consider it here. Furthermore, the analysis would remain the same even if the alternate prong of the statute was considered.

Based on these alleged violations, Plaintiffs contend that 42 U.S.C. § 1983[4] imposes liability for the Plaintiffs' injuries on the Defendants.  *Id.*  Each alleged violation of an Amendment to the Constitution will be addressed below.

i. Cruel and Unusual Punishment

Plaintiffs contend that the Defendants violated the Serratos' Eighth Amendment right to be free from cruel and unusual punishment.  *Id.* at 6, 7.  The Eighth Amendment only applies once a defendant has been convicted of a crime.  *See* Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Ingraham v. Wright, 430 U.S. 651, 664 (1977); Cupit v. Jones, 835 F.2d 82, 84 (5th Cir. 1987).  At the time of the occurrence of the events upon which the Plaintiffs' claims are based, neither of the Serratos had been found guilty of any crime.  Therefore, the Eighth Amendment prohibition against cruel and unusual punishment is inapplicable to this case, and Plaintiffs' § 1983 claim for violation of that Amendment fails.

ii. Officer Reyna[5]

Plaintiffs also bring claims pursuant to § 1983 for alleged violations of the Serratos' rights under the Fourth and Fourteenth Amendments.  Dkt. No. 3, Ex. 5, at 6.

---

[4]This code section states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2005).

[5]It is not clear from the Plaintiffs' petition whether they are alleging violations of their constitutional rights by Officer Reyna or not.  *See* Dkt. No. 3, Ex. 5, at 6–8.  The petition does not specifically mention Officer Reyna by name in the section describing the Plaintiffs' § 1983 claims.  *Id.*  However, that portion of the petition does proffer allegations against "all governmental Defendants" and the TTCA allegations include a statement that "Defendant Officer Randy Reyna[] use[d] excessive force . . . ."  *Id.* at 6, 10.  Therefore, the Court finds that Plaintiffs' petition is sufficient to provide notice to the Defendants of a claim against Officer Reyna pursuant to § 1983.

As these claims pertain to Officer Reyna, the Plaintiffs assert that the officer violated their rights by "choosing to use deadly force, in his vehicle [sic] as a battering ram." *Id.* at 10.  Plaintiffs also state that Officer Reyna "acted wantonly and with malice." *Id.* Plaintiffs contend that this action by Officer Reyna resulted in a deprivation of the Serratos' constitutional rights to be secure in their persons and property and to be free from excessive force. *Id.* at 7.

As a preliminary matter, the Court must determine whether Plaintiffs' allegations should be analyzed under the Fourth Amendment's "reasonableness" standard or the Fourteenth Amendment's "due process standard of liability for constitutionally arbitrary executive action." *See* County of Sacramento v. Lewis, 523 U.S. 833, 842–45 (1998). A claim that a police officer used excessive or deadly force may violate either of these constitutional amendments. *Id.* at 842–43, 844, 854.  However, it may not violate both, because a "[s]ubstantive due process analysis is . . . inappropriate . . . if [Plaintiffs'] claim is 'covered by' the Fourth Amendment." *Id.* at 843.  Therefore, if Officer Reyna's conduct resulted in a "seizure" of the Serratos, Plaintiffs' claims should properly be analyzed under the Fourth Amendment. *Id.* at 843–44; *Holland*, 41 F.Supp.2d at 689.  If there was no seizure, the Plaintiffs' claims should be considered under the Fourteenth Amendment. *Lewis*, 523 U.S. at 843–45.

"[A] Fourth Amendment seizure occurs as a result of a car collision only where the police officer intended the collision to be the result." Hernandez v. Jarman, 340 F.3d 617, 623 (8th Cir. 2003); *see also Lewis*, 523 U.S. at 844.  If there was no intention on the part of the officer to collide with the suspect's vehicle, there is no seizure of the suspect — and no Fourth Amendment violation.  In this case, Plaintiffs clearly allege that Officer Reyna intentionally caused his vehicle to collide with the Serratos' vehicle. Dkt. No. 3, Att. 2, at 10 (Ex. 5) ("By *choosing* to use deadly force, in his vehicle [sic] *as a battering ram*, Defendant Officer Randy Reyna acted wantonly and *with malice*." (emphases added)).  If this allegation is true, then Plaintiffs have successfully stated a cause of action under § 1983, a cause of action which will need to be analyzed under an objective reasonableness standard. *Lewis*, 523 U.S. at 842–43, 844; *Jarman*, 340 F.3d at 621, 623.  Therefore, Plaintiffs have sufficiently stated a claim that Officer Reyna

violated the Serratos' Fourth Amendment rights.

Plaintiffs also allege that Officer Reyna's conduct, in crashing into the Serratos' vehicle, violated the Serratos' Fourteenth Amendment rights. Dkt. No. 3, Ex. 5, at 6. This claim is based upon the same conduct which gives rise to Plaintiffs' Fourth Amendment claim. *Id.* As noted above, if Officer Reyna's conduct falls within the purview of the Fourth Amendment, then the Due Process Clause of the Fourteenth Amendment is inapplicable and this claim must fail. If, on the other hand, Plaintiffs' Fourth Amendment claim fails, by reason of a lack of intent on the part of Officer Reyna to collide with the Serratos' vehicle, then there is still a possibility that the Plaintiffs' have successfully alleged a violation of the Serratos' Fourteenth Amendment rights.

The Court finds, however, that this possibility cannot come to fruition under the facts of this case. The "substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Lewis*, 523 U.S. at 847 (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)). In the context of high speed chases by police, negligent conduct by an officer does not constitute a violation of the suspect's right to substantive Due Process. *Id.* at 849, 853–54. In fact, the Supreme Court has held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment." *Id.* at 854. Gross negligence, recklessness, and conscious disregard for the safety of the suspect do not satisfy the "intent to harm" requirement; the minimum requirement for the officer's mens rea to establish intent to harm is malice. *Id.*

Here, Plaintiffs' allege that Officer Reyna acted with malice. Dkt. No. 3, Ex. 5, at 10. However, Plaintiffs also base their Substantive Due Process claim on the same conduct as their Fourth Amendment claim — the intentional collision of Officer Reyna's vehicle with the Serratos' vehicle. *Id.* at 6–8, 10. Thus, if the Plaintiffs can prove that Officer Reyna acted with malice, the claim will be covered by the Fourth Amendment, and the substantive Due Process claim will not be available. If the Plaintiffs cannot prove that Officer Reyna acted with malice in choosing to collide with the Serratos' vehicle, then Plaintiffs will not be able to establish the requisite minimal mens rea for a

Substantive Due Process claim.  Thus, under the facts and allegations in this case, the Fourteenth Amendment claim cannot succeed and must be dismissed.

Finally, the Defendants argue that the claim that Officer Reyna violated Ramiro Serrato's Fourth Amendment rights should be dismissed, because he was a passenger in Roberto Serrato's vehicle.  Dkt. No. 5, at 7–8.  Defendants aver that injuries which befall passengers or bystanders during a police chase are not actionable if they are unintended.  *Id.* at 8.

The Court finds that Plaintiffs have sufficiently alleged an intent to apprehend both Roberto and Ramiro Serrato.  All of the Plaintiffs' allegations state that the conduct was directed at both of the Serratos.  *See* Dkt. No. 3, Ex. 5, at 6–8.  For purposes of a motion to dismiss, the Court finds that the allegations in Plaintiffs' petition are sufficient, and that Defendants' arguments would more properly be raised in a motion for summary judgment.

iii. City of Harlingen

Finally, Plaintiffs assert causes of action against Harlingen, pursuant to § 1983, for violation of the Serratos' Fourth and Fourteenth Amendment rights.  *Id.* at 6–8.  Plaintiffs claim that the city, acting with deliberate indifference to the Serratos' rights, "failed to adequately select, screen, educate, train, supervise, or otherwise direct the officers of the Harlingen Police Department," thereby "causing and/or allowing" Officer Reyna to deprive the Serratos of their right "to be free from excessive force."  *Id.* at 6–7.  Plaintiffs further claim that the city implemented "wrongful policies that permitted police officers to have unlimited discretion to use deadly force against in [sic] pursuit of suspected traffic violators," thereby depriving the Serratos' of their Fourth and Fourteenth Amendment rights.  *Id.* at 7.

"When the claim is one of excessive force, the key to recovering against a municipality under § 1983 is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom."  *Holland*, 41 F.Supp.2d at 697.  In the Fifth Circuit, official policy and custom are defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority;

-11-

or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Id.* (quoting Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992)).  The policy or custom must be the proximate cause of the injuries sustained by the Plaintiffs.  *Id.* at 6–8.  The decision to implement or formulate the policy must "reflect[] deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."  *Id.* at 699 (quoting Bd. Of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 411 (1997)).  Municipalities will not be held liable for the acts of their employees under a theory of respondeat superior.  *See* Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 663 n.7 (1978); *Holland*, 41 F.Supp.2d at 699.  Instead, the execution of the custom or policy of the municipality must actually cause the complained-of injury.  *Holland*, 41 F.Supp.2d at 699.  "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."  *Id.* at 699–700 (quoting *Brown*, 520 U.S. at 405).

In this case, Plaintiffs specifically allege that Harlingen has a policy of condoning and authorizing the use of "deadly force against in [sic] pursuit of traffic violators."  Dkt. No. 3, Ex. 5, at 7.  The Court finds this allegation sufficient to state a cause of action under § 1983 for violations of the Serratos' right to be free from excessive force.

Furthermore, the Plaintiffs also specifically aver that the city was deliberately indifferent to the rights of persons whom the police would come into contact with when it adopted its hiring and training policies.  *Id.* at 6–7.  Thus, the Court finds that the Plaintiffs have sufficiently pled a cause of action under § 1983 based on the city's alleged failure to adequately train and screen its police officers.

Therefore, although the Plaintiffs will be required to meet their high burdens of proving that the city had these policies and was deliberately indifferent to the rights of

the Serratos, the Court finds that it would be inappropriate at this stage in these proceedings to dismiss Plaintiffs' cause of action under § 1983 against the City of Harlingen.

## IV.   Conclusion

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant City of Harlingen's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim.  Dkt. No. 5.

Specifically, the Court:

(1)   **DISMISSES WITH PREJUDICE** all of the Plaintiffs' claims under the Texas Tort Claims Act;

(2)   **DISMISSES WITH PREJUDICE** the Plaintiffs' negligence claim;

(3)   **DISMISSES WITH PREJUDICE** the Plaintiffs' claim that the Defendants violated the Serratos' rights under the Eighth Amendment's prohibition against cruel and unusual punishment; and

(4)   **DISMISSES WITH PREJUDICE** the Plaintiffs' claim under § 1983 against Officer Reyna as it applies to alleged violations of the Serratos' Fourteenth Amendment right to substantive due process.

Finally, the Court **DENIES** Defendant's motion with respect to (1) the Plaintiffs' claim under § 1983 against Officer Reyna insofar as it applies to alleged violations of the Serratos' Fourth Amendment rights and (2) the Plaintiffs' § 1983 claims against the City of Harlingen.

DONE at Brownsville, Texas, this 1st day of March, 2006.

_____

Hilda G. Tagle
United States District Judge

-13-