United States District Court
Southern District of Texas
ENTERED

MAY 12 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA GLORIA SERRATO AND GILBERTO SANCHEZ SERRATO, Individually and As Representative of the Estate of Roberto Serrato, Deceased, and On Behalf of all of Those Entitled to Recover for Death of Roberto Serrato, Deceased, Under the Texas Wrongful Death Act, | § | CIVIL ACTION NO. B-05-323 |
| AND | § | |
| GUADALUPE SERRATO AND RAMIRO SERRATO, Individually and As Next Friend of Brandon Serrato, Ramiro Randu Serrato, Victoria Brittany Serrato, Bridgette Annalee Serrato, Saul Esteban Serrato, and Roberto Serrato, Minor Children | § | |
| Plaintiffs, | § | |
| v. | § | |
| CITY OF HARLINGEN, TEXAS, and OFFICER RANDY REYNA, Individually and in his Official Capacity, | § | |
| Defendants. | § | |

**OPINION & ORDER**

BE IT REMEMBERED that on May 12, 2006, the Court considered Plaintiffs' Motion to Reconsider Order Partially Granting the City of Harlingen's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim. Dkt. No. 21.

## I. Factual Background

On March 13, 2005, Officer Randy Reyna of the Harlingen Police Department pursued Roberto Serrato and his passenger, Ramiro Serrato (the "Serratos"), in a high-speed automobile chase.[1] Dkt. No. 3, Att. 1, at 3 (Ex. 5). Depending on which version of the facts is considered, Officer Reyna either "used his police vehicle to run Roberto and Ramiro Serrato off the road, up an embankment and into an excavation," *id.*, or "cornered the Serratos against an embankment, and his vehicle then stuck [sic] the Serratos' vehicle, which rolled over the embankment and landed in a violent collision," Dkt. No. 21, at 3. According to Plaintiffs, Officer Reyna employed his police vehicle to "ram" the Plaintiffs' vehicle off the road. Dkt. No. 3, Att. 1, at 4, 9. As a result of this incident, Roberto Serrato was hospitalized from March 13 until his death on March 22, 2005, and Ramiro Serrato sustained "serious injuries." *Id.* at 4.

## II. Procedural Background

Plaintiffs originally brought this action in state court on November 22, 2005. Dkt. No. 1, Ex. 2. Defendants removed the case, based on federal question jurisdiction, on December 23, 2005. Dkt. No. 1. On January 5, 2006, Defendant City of Harlingen moved to dismiss the case for failure to state a claim. Dkt. No. 5.

Plaintiffs responded by filing a motion for leave to amend their petition.[2] Dkt. No. 16. The Court denied this motion, however, as Plaintiffs' motion stated that their original petition was sufficient and made the relief requested in the motion contingent upon the Court's decision regarding the motion to dismiss. *Id.* at 3; Dkt. No. 20.

The Court granted Defendant's motion in part and denied it in part on March 1, 2006. Dkt. No. 17. The motion *sub judice* was filed on March 10, 2006, moving this Court to reconsider the decision rendered on March 1, 2006. Dkt. No. 21.

---

[1]The Plaintiffs assert that Officer Reyna "began pursuing the victims because of a minor traffic infraction." Dkt. No. 21, at 3.

[2]The deadline by which Plaintiffs were required to respond to Defendant's motion was January 25, 2006. Chamber Rule 5.D; FED. R. CIV. P. 6(a) (2005). Plaintiffs filed their motion for leave to amend their complaint on February 28, 2006, over a month after the deadline to respond had lapsed. Dkt. No. 16.

## III. Analysis

Plaintiffs' motion contains distinct procedural and substantive arguments which will be considered separately.[3]

### *A. Procedural Problems*[4]

Plaintiffs' first argument is that the City of Harlingen's ("City") Motion to Dismiss should be denied. *Id.* at 11. The Plaintiffs, however, failed to respond to Defendant's

---

[3]Because Plaintiffs' Motion to Reconsider addresses solely the claims under the TTCA, the Court will only consider those claims. *See* Dkt. No. 21.

[4]Plaintiffs' motion contains numerous technical errors and misinterpretations of the Court's previous Opinion. The technical errors include a failure to provide citations for the majority of Plaintiffs' propositions and a failure to provide page numbers. *See* Chamber Rule 5.B. In the interest of justice, the Court will overlook these lapses.

As for the misinterpretations, the Plaintiffs' motion contains two statements, in particular, which display a misunderstanding of the Court's Opinion and the Federal Rules of Civil Procedural. First, the Plaintiffs state: "The City of Harlingen moved to dismiss the entirety of Plaintiffs' claim in this wrongful death and disfigurement lawsuit, and the court granted the motion without a hearing." Dkt. No. 21, at 2. This statement contains two errors. The Court did not dismiss the *entire* case, it dismissed *part of* the case. Furthermore, Plaintiffs were not entitled to a hearing on the motion to dismiss. *See* Dkt. No. 17; Chamber Rule 5.H. As to the dismissal of a portion of the case, the Court specifically stated that the motion to dismiss was granted in part and denied in part, and the Court enumerated which portions were dismissed and which remained. Dkt. No. 17, at 13. As to the implicit assertion that Plaintiffs should have been granted a hearing on the motion to dismiss, the Court's Chamber Rules specifically state that the Court will only conduct hearings on motions when a hearing is determined to be necessary by the Court. Chamber Rule 5.H.

Second, Plaintiffs have repeatedly asserted that they brought this case in state court and never intended their petition to be considered by a federal court. *See* Dkt. No. 16, at 2; Dkt. No. 21, at 2, 11. In the motion *sub judice*, Plaintiffs state that "[i]t should be noted that the pleadings which the City assailed were filed in Texas state court, where there is no comparable procedure for the summary disposal of a lawsuit for failure to state a claim at its inception." Dkt. No. 21, at 2. Apparently the Plaintiffs believe that the procedural rules in state court have some bearing on this case. It does not. This case was properly removed to federal court. *See* Dkt. No. 1; 28 U.S.C. § 1331 (2005). This Court must therefore follow the rules of procedure which apply to the case regardless of what the procedural rules may or may not have been in another forum. *See* 28 U.S.C. §§ 1652, 2072 (2005); Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427–28 & n.7 (1996).

Motion to Dismiss within the required 20 day period.[5] *See* Chamber Rule 5.D; Dkt. Nos. 5, 16. Plaintiffs did not request leave to file a late response, and the Court has already ruled on the motion. *See* Dkt. No. 17. Therefore, Plaintiffs cannot now present arguments to the Court of why Defendants' motion should be denied. The time for arguments in opposition to the motion has passed.[6] The Court will, however, consider whether it should vacate its previous Opinion & Order and enter a revised decision. *See* Fernandez-Montes v. Allied Pilots Assoc., 987 F.2d 278, 284 (5th Cir. 1993).

***B. Substantive Problems***

Plaintiffs also proffer arguments involving the substance of the facts of, and the legal conclusions in, this case. Dkt. No. 21, at 4, 5–11. Plaintiffs argue that they alleged two alternative theories of recovery in this case, that the City is directly liable for its own negligence, and that the Court did not leave room for the possibility that the injuries occurred as a result of negligence in Officer Reyna's handling of his police vehicle. *Id.* Each of these arguments will be addressed below.

i. Alternative Theories

Plaintiffs argue that they presented two alternative theories of the case, that these are both viable theories, and that they alleged that Officer Reyna acted with the necessary mental states to establish each of these theories. *Id.* at 5–8.

Although the Court agrees with the Plaintiffs that they are entitled to plead alternative theories of recovery if it is possible to do so, the Plaintiffs failed to do so in this case. *See* FED. R. CIV. P. 8(e)(2) (2005); Laurence v. Atzenhoffer Chevrolet, 281 F. Supp. 2d 898, 900 (S.D. Tex. 2003). In their Original Petition, Plaintiffs state: Officer Reyna "used his police vehicle to run Roberto and Ramiro Serrato off the road, up an

---

[5]Again, the Court recognizes that Plaintiffs did file, apparently as a response to Defendants' motion to dismiss, a motion for leave to file an amended complaint. Dkt. No. 16. However, as stated *supra*, that motion lacked merit based on the representations made by the Plaintiffs in that motion. *See* Dkt. Nos. 16, 17.

[6]It would be unjust to the Defendants if the Court permitted the Plaintiffs, who failed to respond to the City's motion, to argue against the City's motion at this point. Therefore, the Court will not entertain arguments insofar as they relate to the underlying motion, but instead will only consider arguments as they relate to the Court's decision.

embankment and into an excavation thereby causing injuries of the plaintiffs," and "By choosing to use deadly force, in his vehicle as a battering ram, Defendant Officer Randy Reyna acted wantonly and with malice." Dkt. No. 3, Att. 1, at 3, 9. These assertions of fact, neither of which appears in the section discussing the § 1983 claim,[7] are not capable of supporting an interpretation under which Officer Reyna can be deemed to have acted negligently. *See, e.g.*, TEX. PEN. CODE § 6.03 (Vernon's 2005). Plaintiffs' allegations of fact do, however, clearly allege that Officer Reyna was acting with malice, in wanton disregard of the Serratos' safety, and at least recklessly.[8] *See* Dkt. No. 3, Att. 1, at 3, 4, 5, 9. Under the facts as plead by Plaintiffs, there is no possibility of establishing that Officer Reyna acted with negligence. Thus, because dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief" and Plaintiffs have not alleged that Officer Reyna had a mental state of negligence, dismissal of Plaintiffs' claims under the Texas Tort Claims Act was proper. Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted); TEX. CIV. PRAC. & REM. CODE § 101.021 (Vernon's 2005).

---

[7]The latter of these allegations was actually included in the section of the motion pertaining to the TTCA. Dkt. No. 3, Att. 1, at 3, 5–6, 9.

[8]In their current motion, Plaintiffs make numerous untenable claims regarding alleged assertions of negligence in their Original Petition. Plaintiffs' assertion, that their allegations that Officer Reyna used his vehicle as a battering ram can be interpreted in a manner that supports a mental state of negligence, is tenuous at best. Dkt. No. 21, at 8. The argument that the City must concede that Officer Reyna was negligent in his pursuit is meritless; Plaintiffs have not alleged facts which *prove* that Officer Reyna's driving was negligent at all, let alone under the circumstances. *Id.* at 7. The Court cannot find the alleged assertion in the Plaintiffs' Original Petition that Officer Reyna failed to use reasonable care, and that this failure caused the Serratos' injuries. *Id.* Plaintiffs did allege that Officer Reyna "had a duty to act reasonably" and that he "engaged in an unsafe vehicle pursuit," but they did so in the context of establishing the elements of assault, not negligence ("Defendant Officer Randy Reyna acted wantonly and with malice"). Dkt. No. 3, Att. 1, at 9; TEX. PEN. CODE § 22.01 (Vernon's 2005). Finally, Plaintiffs contend that they alleged the City was negligent. Dkt. No. 21, at 6, 7. As discussed in the Court's previous decision, however, whether or not the City was negligent is irrelevant, because the TTCA does not waive immunity for conduct such as improper training or hiring. Dkt. No. 17, at 5–7; TEX. CIV. PRAC. & REM. CODE § 101.021 (Vernon's 2005); Holland v. City of Houston, 41 F. Supp. 2d 678, 711 (S.D. Tex. 1999).

In addition, in Texas, reckless conduct is sufficient to establish assault, which is an intentional tort. TEX. CIV. PRAC. & REM. CODE § 101.057 (Vernon's 2005); TEX. PEN. CODE § 22.01 (Vernon's 2005). Even the motion *sub judice* alleges that Officer Reyna was acting in a "negligent *and/or reckless*" manner, that he "cornered the Serratos against an embankment," and "the police car was operated *recklessly*." Dkt. No. 21, at 3, 6. These assertions establish an allegation of assault, not negligence. *Id.*; TEX. PEN. CODE § 22.01 (Vernon's 2005). Intentional torts are not subject to the waiver of sovereign immunity established by the Texas Tort Claims Act ("TTCA"). TEX. CIV. PRAC. & REM. CODE § 101.057 (Vernon's 2005). Thus, Plaintiffs have not asserted a claim for which sovereign immunity has been waived, and the TTCA claims fail as a matter of law.

ii. Direct Liability

Plaintiffs' argument that "[t]he City is liable under the Act *not* under the theory of respondeat superior, but also for the negligence of its leaders and policy makers, who failed to properly screen, train, or supervise Officer Reyna, and entrusted him with a vehicle" borders on being frivolous. Dkt. No. 21, at 7. This statement can be interpreted in either of two ways: that Plaintiffs claim the City is liable *only* based on its own conduct, or that the City is liable based on both its own conduct and the theory of respondeat superior. In either case, Plaintiffs assert that the City is directly liable based on its own conduct.

This argument has already been addressed, and rejected, by the Court. Dkt. No. 17, at 5–6. None of the Plaintiffs' bases for imposing liability on the City for its own negligence fall within the waiver of immunity granted by the TTCA. *See id.*; TEX. CIV. PRAC. & REM. CODE § 101.021 (Vernon's 2005); *Holland*, 41 F. Supp. 2d at 711. Therefore, any negligence on the part of the City for such things as hiring or training Officer Reyna is irrelevant, because it is immune from liability for that conduct. TEX. CIV. PRAC. & REM. CODE § 101.021 (Vernon's 2005). Thus, the Court must once again reject this argument.

iii. Officer Reyna's Negligence

Finally, Plaintiffs contend that the Court is foreclosing the possibility that the Serratos' injuries were the result of negligence on the part of Officer Reyna. Dkt. No. 21, at 8–11. The Court disagrees, because, as stated above, the facts adduced by the Plaintiffs cannot support an inference that Officer Reyna acted with fault, but without a mens rea of at least recklessness. *See supra* § III.B.i.

However, upon further review of the facts alleged by the Plaintiffs, the Court concludes that it is not impossible for the Plaintiffs to allege a *different* set of facts which *would* constitute negligence in Officer Reyna's use of his police vehicle.[9] Therefore, the Court will amend its previous Opinion & Order so that it dismisses Plaintiffs' TTCA claim against the City of Harlingen, for the negligence of Officer Reyna under the theory of respondeat superior, without prejudice.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Reconsider Order Partially Granting the City of Harlingen's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim. Dkt. No. 21. Plaintiffs' motion is **GRANTED** insofar as it relates to the Plaintiffs' TTCA claim against the City of Harlingen for the alleged negligence of Officer Reyna in his use of his police vehicle. Plaintiffs' motion is **DENIED** in all other respects.

Therefore, the Court **AMENDS** its previous Opinion & Order, Dkt. No. 17, at 13, by deleting the language reading "(1) **DISMISSES WITH PREJUDICE** all of the Plaintiffs' claims under the Texas Tort Claims Act," and replacing it with the following:

(1) (a) **DISMISSES WITHOUT PREJUDICE** the Plaintiffs' claim under the Texas Tort Claims Act against the City of Harlingen based on the alleged negligence

---

[9]Alleging, and proving, a set of facts which shows that Officer Reyna was negligent, but not reckless, in his operation of his police vehicle, given the circumstances of this case, may prove to be a difficult task. Marshaling proof to show that the incident resulted from some level of fault by Officer Reyna, and was not merely an accident, but did not result from a level of fault which establishes recklessness, intent, or wantonness, will be challenging. The Court, however, cannot conclude, at this stage in the case, that it is not possible.

in Officer Reyna's use of his police vehicle;

(1) (b) **DISMISSES WITH PREJUDICE** the Plaintiffs' claims under the Texas Tort Claims Act against Officer Reyna and against the City of Harlingen for its own negligence.

Any further relief not specifically granted is also hereby **DENIED**.

DONE at Brownsville, Texas, this 12th day of May, 2006.

Hilda G. Tagle
United States District Judge