United States District Court
Southern District of Texas
ENTERED

MAY 1 2 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk ~~~~~~~~

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA GLORIA SERRATO AND GILBERTO SANCHEZ SERRATO, Individually and As Representative of the Estate of Roberto Serrato, Deceased, and On Behalf of all of Those Entitled to Recover for Death of Roberto Serrato, Deceased, Under the Texas Wrongful Death Act, | § § § § § § § § § § | |
| AND | § § | CIVIL ACTION NO. B-05-323 |
| GUADALUPE SERRATO AND RAMIRO SERRATO, Individually and As Next Friend of Brandon Serrato, Ramiro Randu Serrato, Victoria Brittany Serrato, Bridgette Annalee Serrato, Saul Esteban Serrato, and Roberto Serrato, Minor Children | § § § § § § § § § § | |
| Plaintiffs, | § § § | |
| v. | § § § | |
| CITY OF HARLINGEN, TEXAS, and OFFICER RANDY REYNA, Individually and in his Official Capacity, | § § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on May 12, 2006, the Court considered the
Defendant City of Harlingen's Motion to Compel Plaintiffs to Provide Adequate Answers
to Interrogatories and to Produce Documents.  Dkt. No. 25.

-1-

## I.    Background

This case arose out of an alleged collision between a police vehicle driven by Officer Randy Reyna and a vehicle driven by Roberto Serrato in which Ramiro Serrato was a passenger (the "Serratos"). *See, e.g.*, Dkt. No. 3, Att. 1, at 3. As a result of the alleged incident, Roberto Serrato died and Ramiro Serrato sustained severe injuries. *Id.* at 4. Based on these injuries, Plaintiffs filed suit against Officer Reyna and the City of Harlingen ("City"). *Id.* at 1.

The parties are currently conducting discovery. *See* Dkt. No. 25. The parties, however, apparently have arrived at an impasse concerning the proper process for, and subject matter in, discovery in this case. *Id.* Thus, the City has filed the motion *sub judice*, in which it requests that the Court order the Plaintiffs to respond to certain discovery requests and that several of Plaintiffs' objections to the requested discovery be overruled. *Id.*

## II.   Analysis

The City requests various forms of relief against Ramiro Serrato, Guadalupe Serrato, Gilberto and Maria G. Serrato, and the Plaintiffs as a whole. *Id.* at 2–3. The Court will separately address the relief requested from the individual Plaintiffs and from Plaintiffs as a whole.

### A. Ramiro Serrato

Defendant moves the Court to order Ramiro Serrato to sign and verify his answers to the interrogatories propounded to him, to order him to respond with complete answers to interrogatories 12, 14, and 22, to overrule his objections to interrogatories 12–14, and to order him to sign the authorizations requested in requests for production 9, 10, 23, 30, and 34. *Id.* at 2.

In reply, Plaintiff Ramiro Serrato argues that he is unable to sign anything at all, and therefore cannot sign the authorizations or verify his answers to the interrogatories, and that he is a layperson and cannot provide more specific responses to any interrogatories requesting information about legal contentions. Dkt. No. 27, at 2–3.

-2-

The Court finds that Plaintiff Ramiro Serrato has failed to substantially comply with his discovery obligations. Based upon counsel's argument, the Court finds it unclear how counsel gained authorization to file suit on Ramiro Serrato's behalf. If Ramiro Serrato is unable to sign his name, then he is not able to sign a contract for an attorney's services. If the contract is oral in nature, then Ramiro Serrato obviously has the ability to give permission to another person to sign his name for him. Thus, if Ramiro Serrato is physically unable to perform the act of writing his signature, then someone else must sign his name on his behalf.[1]  *See* FED. R. CIV. P. 33(b)(2) (2005); Patterson v. Leyden, 947 F. Supp. 1211, 1215 (N.D. Ill. 1996); Carna v. Bessemer Cement Co., 558 F. Supp. 706, 708 (W.D. Pa. 1983); *In re* Barber, 982 S.W.2d 364, 366–67 (Tex. 1999). It is legally sufficient for a signature to be signed by another person under certain conditions. *See Patterson*, 947 F. Supp. at 1215; *Carna*, 558 F. Supp. at 708; *Barber*, 982 S.W.2d at 366–67. Thus, counsel's response that Ramiro Serrato did not sign his interrogatories or the authorization forms because of physical inability is frivolous.

Second, Plaintiff Ramiro Serrato's claim that he is incapable of providing more detail regarding legal contentions, that Plaintiff is not an expert witness, that the interrogatories call for legal conclusions, and that the interrogatories request that he disclose privileged matters are also meritless. Plaintiff is charged with the knowledge of his attorney. Therefore, these claims implicitly argue that counsel is not able to provide greater detail about the legal contentions in this case. Furthermore, Plaintiff's attorney must understand any legal theories being asserted as claims. Consequently, any argument that Plaintiff is incapable of providing further information about his legal contentions because he is a layperson and is not an expert is frivolous. Thus, it appears that if these contentions are true, counsel breached his ethical obligations when he undertook representation of Ramiro Serrato, and if they are not true, counsel has made frivolous representations to the Court.

---

[1]This must be done with his permission and at his direction. *Patterson*, 947 F. Supp. at 1215; *Carna*, 558 F. Supp. at 708; *Barber*, 982 S.W.2d at 366–67. Furthermore, it must be *his* name which is signed.

Furthermore, the City has not requested legal conclusions or privileged materials from Plaintiff. Rather, the City has properly required the Plaintiff to state his legal contentions and the facts underlying those contentions. *See* FED. R. CIV. P. 26(b)(1); FED. R. CIV. P. 33(c) (2005); Dkt. No. 25, Ex. 1, 6. The City has been sufficiently specific in this request, in that it requests the contentions and facts as to specific claims of the Plaintiff. Finally, the City has asked for the names of the persons alleged to be have violated Plaintiff's rights and the acts which they are alleged to have committed.[2] Dkt. No. 25, Exs. 1, 6. Plaintiff's responses, "City of Harlingen and Randy Reyna and Harlingen Police Department" and a reiteration of the allegations in his complaint, are patently insufficient and improper.[3] Dkt. No. 25, Ex. 6.

Finally, Plaintiff's argument that the requested information in interrogatory 22 is outside the scope of the evidentiary rules does not support his refusal to answer the interrogatory.[4]

Discovery responses do not have to be admissible as evidence. FED. R. CIV. P. 26(b)(1) (2005). So long as discovery questions are designed to elicit discoverable information which will lead to admissible evidence, the questions are proper. *Id.* Furthermore, the Texas Rules of Evidence are inapplicable to this case and Federal Rule of Evidence 609 does not prevent discovery of the requested information. That rule prevents the requested information from being introduced for the purpose of attacking the Plaintiffs' credibility. FED. R. CIV. P. 609 (2005). It does not, however, prohibit the information from becoming admissible for other purposes. Therefore, Plaintiff cannot assert that rule as a reason for failing to respond to the requested

---

[2]Furthermore, the City asks for the persons and acts Plaintiff *believes* violated his rights, not that *have* violated his rights, which supports the conclusion that the City has not asked for legal conclusions. Dkt. No. 25, Exs. 1, 6.

[3]For example, the City of Harlingen is not a person and cannot actually commit an act. Thus, naming the City of Harlingen as a person alleged to have violated the Serratos' rights is inappropriate.

[4]Plaintiff partially responded to this interrogatory. Dkt. No. 25, Ex. 6. However, the answer was not completely responsive. Plaintiff must supplement his answer to respond in detail to all parts of the interrogatory.

discovery.

Therefore, the Court **OVERRULES** Plaintiff Ramiro Serrato's objections to interrogatories 12(a)–(c), (e)–(f),[5] 13, 14, and 22 and **ORDERS** Ramiro Serrato to sign and verify his answers to the City's interrogatories, to sign the authorization forms propounded with requests for production 9, 10, 23, 30, and 34, and to supplement his answers to interrogatories 12, 13, 14, and 22 to provide complete responses.

## B. Guadalupe Serrato

Defendant moves the Court to order Guadalupe Serrato to provide complete answers to interrogatories 12–14 and 16 and to overrule her objections to interrogatories 12, 14, and 16. Dkt. No. 25, at 3.

Plaintiff Guadalupe Serrato also responds that she is not a lawyer or an expert, and she objects to these interrogatories on the additional grounds that they call for legal conclusions and for disclosure of privileged matters. *Id.* Exs. 2, 7; Dkt. No. 27. Plaintiff also objects to interrogatory 14 on the bases that it requests information outside the scope of Texas Rule of Evidence 609 and Federal Rule of Evidence 609.[6] Dkt. No. 25, Exs. 2, 7.

Plaintiff Guadalupe Serrato's responses and objections are essentially the same as Plaintiff Ramiro Serrato's, and they suffer from the same defects as Plaintiff Ramiro Serrato's responses and objections. *See supra* § II.A; *compare* Dkt. No. 25, Exs. 1, 6, *with* Dkt. No. 25, Exs. 2, 7.

Defendant's motion is **GRANTED** as to Plaintiff Guadalupe Serrato, she is **ORDERED** to supplement her answers to interrogatories 12–14 and 16 to provide complete responses, and her objections to interrogatories 12, 14, and 16 are

---

[5]Plaintiff need not respond to interrogatory 12(d), as the claim regarding violations of Plaintiffs' Eight Amendment rights has been dismissed. Dkt. No. 17. For the remainder of this Order, when the Court refers to interrogatory 12, it is referring to all of the subparts of interrogatory 12 except part (d).

[6]Plaintiff's answer to this interrogatory was not completely responsive. Dkt. No. 25, Ex. 7. Plaintiff must supplement her answer to respond in detail to all parts of the interrogatory.

**OVERRULED**.

### C. Plaintiffs Gilberto and Maria G. Serrato

Defendant City moves the Court to overrule Plaintiffs Gilberto and Maria G. Serrato's objections to interrogatories 15 and 20 and to order these Plaintiffs to provide complete responses to interrogatories 15–17, 20, and 24. Dkt. No. 25, at 3.

Plaintiffs Gilberto and Maria G. Serrato respond with nearly identical assertions to Plaintiff Guadalupe Serrato. *Compare* Dkt. No. 25, Exs. 2, 7, *with* Dkt. No. 25, Exs. 3, 8; *see also* Dkt. No. 27. For the same reasons as outlined above, Plaintiffs' assertions lack merit. *See supra* § II.A, B.

Therefore, Defendant's motion is **GRANTED** as against Plaintiffs Gilberto and Maria G. Serrato. The Plaintiffs are hereby **ORDERED** to supplement their answers to interrogatories 15–17, 20, and 24 to provide complete discovery responses and their objections to those interrogatories are **OVERRULED**.

### D. Requests for Production

Finally, Defendant requests that the Court overrule the objections to, and order the Plaintiffs to respond to, requests for production 27–29. Dkt. No. 25, at 3. Plaintiffs assert the same objections as those of the individual Plaintiffs discussed above. *Compare* Dkt. No. 25, Exs. 2, 3, 7, 8, *with* Dkt. No. 25, Exs. 4, 9. For the same reasons as discussed above, Plaintiffs' objections to those requests for production are hereby **OVERRULED**.

Plaintiffs appear, however, to have provided six documents in response to Defendant's requests for production 27 and 28. Dkt. No. 25, Exs. 9–11. These documents appear to be responsive and sufficient. Defendant's motion to compel is therefore **DENIED** insofar as it applies to requests for production 27–28. However, the Plaintiffs are cautioned that they will be held to their response to these requests, so that no additional documents that are responsive to these requests will be permitted at trial. If Plaintiffs have any further documents, they should supplement their answers by no later than 5:00 p.m. on Friday, May 26, 2006.

Defendant's motion is **GRANTED** as it applies to request for production 29.
Plaintiffs are **ORDERED** to supplement their discovery answers by producing any
materials responsive to this request.

### III.   Conclusion

Based on the foregoing, the Court:

(1)   **OVERRULES** Plaintiff Ramiro Serrato's objections to interrogatories 12, 13, 14, and 22;

(2)   **OVERRULES** Plaintiff Guadalupe Serrato's objections to interrogatories 12, 14, and 16;

(3)   **OVERRULES** Plaintiffs Gilberto and Maria G. Serrato objections to interrogatories 15–17, 20, and 24;

(4)   **OVERRULES** Plaintiffs' objections to requests for production 27–29;

(5)   **ORDERS** Plaintiff Ramiro Serrato to sign and verify his answers to the City's interrogatories, to sign the authorization forms accompanying requests for production 9, 10, 23, 30, and 34, and to supplement his answers to provide complete responses to interrogatories 12, 13, 14, and 22;

(6)   **ORDERS** Plaintiff Guadalupe Serrato to supplement her answers to provide complete responses to interrogatories 12, 14, and 16;

(7)   **ORDERS** Plaintiffs Gilberto and Maria G. Serrato to supplement their answers to provide complete discovery responses to interrogatories 15–17, 20, and 24;

(8)   **DENIES** Defendant's motion insofar as it applies to requests for production 27–28;

(9)   **ORDERS** Plaintiffs to comply with request for production 29; and

(10)   **ORDERS** Plaintiffs to show cause why they should not be ordered to pay to Defendant City the reasonable costs associated with their Motion to Compel, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

-7-

Plaintiffs are further **ORDERED** to comply with this Order by no later than 5:00 p.m. on Friday, May 26, 2006.

Finally, the Court **CAUTIONS** Plaintiffs' counsel that any future conduct or representations which demonstrate a continued failure to abide by his ethical obligations and/or which breach counsel's duties as an officer of the Court will not be tolerated. Counsel has failed to make good faith efforts to work with the Defendants to conduct discovery and has made frivolous representations to the Court. The Court will consider finding counsel in contempt of court or imposing sanctions if counsel engages in any similar conduct in the future.

DONE at Brownsville, Texas, this 12 day of May, 2006.

Hilda G. Tagle
United States District Judge

-8-